Dear Representative Daniel:
You have requested an opinion of the Attorney General on several issues relating to the Plan of Government of the Parish of East Baton Rouge and the City of Baton Rouge (Plan of Government), and certain Ordinances passed by the Metro-Council (Council). Specifically, you ask to whom the Plan of Government allocates procurement authority for certain professional service agreements. You also ask whether Ordinance 8931, adopted by the Metropolitan Council May 24, 1989 and which established the Engineer and Surveyor Selection Board, the recommendation of which is required for any contract for consulting-engineering, construction management, geo-technical or related services, would include the services of a program manager and whether Ordinance 8931 is in violation of the Plan of Government and thereby invalid and null.
The Parish of East Baton Rouge and the City of Baton Rouge are political subdivisions of the State of Louisiana operating together under a home rule charter form of government. Local governments are authorized to adopt or amend a home rule charter in accordance with the provisions of Article VI, Section 5 of the Louisiana Constitution.
Chapter 4, Section 4.07 of the Plan of Government establishes the Division of Purchasing under the direction of the Mayor-President, with the head of the Division being the Purchasing Agent responsible for purchasing supplies, materials, equipment, and contractual services, including insurance and surety bonds for the several departments of the Parish and City. This provision does not include within the responsibilities of the Purchasing Agent the specific authority to procure professional services, such as those of an architect and engineer and which are customarily set apart from other service contracts. See LSA-R.S. 39:1484(A)(18) (State Procurement Code) which separately defines Professional service as "work rendered by an independent contractor who has a professed knowledge of some department of learning or science used by its practical application to the affairs of others or in the practice of an *Page 2 
art founded on it, which independent contractor shall include . . . architects, engineers, land surveyors, landscape architects, . . ."
Also see Glossary of Public Procurement Terms, State and Local Government Purchasing, 5th Edition which defines Professional Services as "Infrequent, technical, and/or unique functions performed by independent contractors whose occupation is the rendering of such services. . . . . Examples of professional services includes medicine and medical arts, architectural and engineering services, management and systems consultation, research, and performing arts."
Chapter 3, Section 3.01 of the Plan of Government provides for the powers of the Metropolitan Council including establishment of Department of Public Works and reads as follows:
The Metropolitan Council of East Baton Rouge Parish shall, in addition to the powers and duties conferred or imposed by other provisions of this Plan of Government, have:
 (c) Power to construct, own, maintain and operate airports, and to provide their management and control by the Department of Public Works, a separate bureau in the office of the Mayor-President, or by a board or commission.
Chapter 5, Section 5.02 of the Plan of Government relates to the Department of Public Works and provides that the Department of Public Works shall consist of the following:
 (a) The Divisions of Engineering which shall: (1) design and prepare plans and specifications and estimates for, and supervise the construction and construct, all buildings, structures, works or improvements to be under taken by the Parish, the City, or any district of which the Metropolitan Council or governing body, provided that nothing herein shall prevent the employment by the Mayor-president of consulting engineers and architects, when empowered to do so by the Council;
The Plan of Government, set forth above, provides that the Council shall manage and control the Department of Public Works including the Division of Engineering which is responsible for the design and construction of public works projects. The Mayor-President has the authority to employ consulting engineers and architects but only when empowered to do so by the Council. The Council, by enacting Ordinance 8931 (as amended by Ordinance 11286 to raise the monetary limit to $50,000), has apparently elected not to empower the Mayor-President with such authority and instead has chosen to retain its authority to employ certain professionals by establishing a Engineer *Page 3 
and Surveyor Selection Board and requiring any contract for consulting-engineer, construction management, geo-technical or related services be based on a recommendation of the Selection Board. Ordinance 8931, as amended, reads as follows:
 Any contract for consulting-engineering, construction management, geo-technical or related services, involving any department or agency, or commission of the City-Parish, which would result in a fee in the amount of $50,000 or more, shall be based on the recommendation of the Engineer and Surveyor Selection Board.
The Council has also enacted Ordinance 8932 which establishes the Design and Planning Selection Board which would apply to the selection of design professionals such as architects. In summary, the Plan of Government places procurement authority for professional services under the direction of the Council unless the Council empowers such authority with the Mayor-President. By the establishment of an Engineer and Surveyor Selection Board and the Design and Planning Selection Board, the Council has elected to maintain its authority relating to the employment of such professionals.
Furthermore, the enactment of Ordinance 8931 and 8932 would not be inconsistent or contrary to the Plan of Government inasmuch as the Plan of Government clearly authorizes the Council to establish and maintain a Department of Public Works, which includes the responsibility for the design and construction of public works and the selection of professionals necessary for such projects. The Plan of Government authorized the Mayor-President to employ consulting engineers and architects but only when empowered to do so by the Council. Ordinance 8931 and 8932 reflect the decision of the Council to retain this employment authority. Therefore, it is the opinion of this office that the Plan of Government allocates procurement authority for professional services, including consulting engineers and architects, with the Metropolitan Council and that Ordinance 8931 is not in violation of the Plan of Government.
Your last question asks whether Ordinance 8931 includes the employment of a program manager. Ordinance 8931 relates to contracts for consulting engineering, construction management, geo-technical or related services. By using the phase "related services" the ordinance provides an illustrative rather than an exclusive list of professional engineering services that are subject to the Selection Board process. The list includes a construction manager who is usually a licensed professional engineer employed to oversee construction projects. A program manager contract providing similar services would also be included and would be subject to the review and recommendation by the Selection Board. *Page 4 
It is, therefore, the further opinion of this office that the employment of a program manager would to be included within the guidelines established by Ordinance 8931 as a related professional service.
We trust that this answers your inquiry.
 Very truly yours,
 CHARLES C. FOTI, JR.
 Attorney General
 By: ________________________
 RICHARD L. McGIMSEY
 Assistant Attorney General